UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| J.H., AN INDIVIDUAL,<br><br>Plaintiff,<br><br>PARAMOUNT HOSPITALITY LP<br><br>Defendant | CIVIL ACTION NO:<br><br>**COMPLAINT** |

COMES NOW the Plaintiff J.H., by and through the undersigned counsel, and respectfully submits her complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by J.H.. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. PARAMOUNT HOSPITALITY LP, ("Defendant") was a hotel owner, hotel operator, franchisee, manager, and/or supervisor of the subject premises and subject hotel, doing business as Motel 6, during the relevant time period, and prior thereto, and as such responsible for the subject hotel during the time period Plaintiff was sex trafficked on said premises.

3. During the relevant time period, Defendant was owner of the subject premises located at 2032 Paramount Blvd, Amarillo Texas.

4. During the relevant time period, Defendant was operator of the subject premises located at 2032 Paramount Blvd, Amarillo Texas.

5.      During the relevant time period, Defendant was acting as Franchisee and not Franchisor pertaining to the subject hotel located at 2032 Paramount Blvd, Amarillo Texas.

6.      Sex trafficking is defined under 22 U.S.C. § 7102 (11) as "The recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of a commercial sex act, in which the commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such an act has not attained 18 years of age."

7.      Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and coercion by her trafficker to engage in commercial sex at the subject hotel in 2015. She was psychologically and physically prohibited from escape from her trafficker.

8.      The Trafficking Victims Protections Reauthorization Act ("TVPRA") provides a civil remedy for victims of a violation of the act. Section 1595 of the TVPRA provides that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney's fees." 18 U.S.C. § 1595.

9.      Plaintiff was sex trafficked at the aforesaid hotel by her trafficker in 2015.

10.     Sex trafficking occurred at this subject hotel in 2015 and, upon information and belief, prior thereto.

11.     As a hotel owner and hotel operator, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

12. The passage of the TVPA in 2000 and the passage of the TVPRA in 2008 as well as numerous other legislative initiatives, put the Defendant on notice of the high likelihood of these illegal acts occurring on the subject hotel premises which, at a minimum, warranted them to be all the more vigilant and proactive in preventing this conduct.

13. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

14. Before and during the relevant time period Defendant failed to implement sufficient educational and training programs on sex trafficking within its business chain of command, as well as failed to implement policies for preventing, identifying, reporting, documenting, investigating, and stopping sex trafficking at the subject hotel.

15. Due to the involvement and affirmative actions of Defendant (as owner and operator, and by its staff and employees while acting within the scope of their employment), in associating with, facilitating and enabling the undertaking of the sex trafficking of Plaintiff by her trafficker on Defendant's premises in 2015 in violation of the TVPRA, including, but not confined to, by (a) Defendant repeatedly renting rooms to Plaintiff's trafficker when Defendant knew or should have known said trafficker was engaged in sex trafficking on defendant's premises including as to Plaintiff in violation of the TVPRA, (b) Defendant associating with Plaintiff's trafficker in an effort to force her to serve their business objective, (c) Defendant allowing commercial dealings with the aforesaid trafficker (e.g., in the form of room rentals) to continue on the subject premises and to be reinstated for a profit motive, (d) staff and employees

of Defendant acting as lookouts and informants, during the scope of their employment, for the benefit of the trafficker so as to alert the aforesaid trafficker of police activity or similar type warning alerts, (e) Defendant actively advancing the sex trafficking operation of Plaintiff's trafficker by knowingly facilitating and/or negligently facilitating the venture's activities, i.e., the sex trafficking of Plaintiff, and (f) by otherwise being actively involved and affirmatively enabling Plaintiff's trafficker and facilitating the venture's success, Plaintiff was caused to be sex trafficked by her trafficker on Defendant's premises in violation of the TVPRA in 2015.

16. During the time period of trafficking of the Plaintiff at the subject hotel which occurred in in 2015, Defendant failed to act upon the obvious and overt signs alerting them to the sex trafficking taking place at this subject hotel including as to Plaintiff herein and in violation of the TVPRA.

17. Had the Defendant timely and properly implemented policies and procedures common and reasonably accepted in the hospitality industry concerning anti-trafficking, safety and security it is more likely than not that the injuries suffered by the Plaintiff at the subject hotel would have been prevented or mitigated.

18. Due to the failure of Defendant to timely and properly implement anti-trafficking policies and practices, Plaintiff was repeatedly victimized and trafficked for sex on Defendant's premises in violation of the TVPRA.

19. Defendant by its involvement and affirmative enabling of the subject trafficking was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, her being the victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked,

and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries including PTSD.

## PARTIES

20.  Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

21.  Plaintiff is currently a resident of Texas.

22.  Plaintiff was born in 1990.

23.  At all times relevant and material, Defendant PARAMOUNT HOSPITALITY LP owned and operated a hotel doing business as Motel 6 and located at 2032 Paramount Blvd, Amarillo Texas, and was authorized to do, licensed to do, and was doing business in the State of Texas offering the subject hotel as a place of public lodging.

24.  The principal place of business of Defendant is 2032 Paramount Blvd, Amarillo Texas.

## JURISDICTION AND VENUE

25.  This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

26.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and Defendant conducts business within this

District pursuant to 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

### VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

27. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against the above-captioned Defendant.

28. At all relevant times, Defendant PARAMOUNT HOSPITALITY LP was involved in the staffing and operation of the subject hotel where Plaintiff was trafficked for sex in in 2015.

29. Plaintiff is a "victim" of sex trafficking as protected under applicable provisions of the TVPRA.

30. As it pertains to this Defendant, Plaintiff was sex trafficked at PARAMOUNT HOSPITALITY LP a hotel doing business as Motel 6 in 2015 and located at 2032 Paramount Blvd, Amarillo Texas.

31. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in

violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

32. In order to induce Plaintiff by force, fraud and coercion to engage in sex with sex buyers at the subject hotel, her trafficker used various means to do so including (a) trafficker utilizing physical and verbal abuse on and as to Plaintiff and at times in plain sight and earshot of defendant's staff; (b) trafficker instilled in Plaintiff the fear of severe bodily injury and/or fear of death if trafficker's directives were not complied with; (c) psychological coercion; (d) withholding Plaintiff's identifying document(s); and (e) other means of force, fraud and coercion used by the trafficker of Plaintiff to induce her to have sex with sex buyers at the subject hotel.

33. Defendant knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for the room(s) rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in in 2015.

34. Defendant rented room(s) to individuals it knew or should have known were engaged in the sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

35. The rental of a hotel room constitutes a financial benefit from a relationship with the trafficker sufficient to meet "financially benefitted" element of the §1595(a) standard.

36. Plaintiff's trafficker took proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for room(s) rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

37. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker online) and from such Wi-Fi service Defendant, upon information

and belief, received financial benefit.

38. Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

39. During the time that Plaintiff was trafficked at the subject hotel in 2015, Plaintiff's trafficker had direct interaction with employee(s) and staff of Defendant by means of paying, befriending, or compensating said employee(s) and staff member(s) of Defendant to act as lookout(s)/informant(s) for Plaintiff's trafficker, while acting within the scope of their employment, so as to inform the trafficker of police activity or other similar type alerts.

40. In this case, during the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA.

41. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

42. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit.

43. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

44. By renting rooms to Plaintiff's trafficker Defendant PARAMOUNT HOSPITALITY LP the hotel operator, was associating with Plaintiff's trafficker in an effort to force Plaintiff to serve their business objective.

45. The modus operandi of the trafficker was to renew the room(s) rental daily.

46. A continuous business relationship existed between the subject hotel, its agents, employees and staff, and Plaintiff's trafficker, in part, in that the hotel repeatedly rented rooms, and/or repeatedly renewed room rentals, to individual(s) they knew or should have known were involved in sex trafficking on the premises, including as to the Plaintiff.

47. Plaintiff's trafficker had prior commercial dealings with the subject hotel which the trafficker and Defendant wished to reinstate for profit when Plaintiff's trafficker repeatedly rented rooms and/or repeatedly renewed room rentals that were used for trafficking of victims including Plaintiff.

48. This Defendant had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

49. Defendant knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as they related to Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to: (a) constant foot traffic of sex buyers to the trafficker's rented room(s) to have sex with trafficked victim(s); (b) trafficked victim(s) would walk around hotel grounds drug and/or alcohol impaired, sleep deprived, hygiene impaired, behavior impaired, with visible bruising, malnourished, and in sexually explicit clothing; (c) suspicious individuals loitering outside the hotel room(s) when a sex buyer would enter a room(s); (d) inside the hotel room(s) rented by the trafficker (or at the direction of the trafficker) there was a suspicious bunch of people and suspicious items including cash, drugs, drug paraphernalia, condoms, lubricants which was observed by housekeeping staff and in plain sight of housekeeping staff; (e) trafficker monitoring hotel hallway, door of room(s) and walking hotel perimeter; (f) trafficker shadowing Plaintiff (or having another shadow Plaintiff) in plain

sight of hotel staff; (g) Plaintiff soliciting for sex buyers on the hotel premises at the direction of her trafficker, (h) Plaintiff's room exhibited signs of commercial sex work, (i) loud noise and yelling emanating from room where sex trafficking of plaintiff was occurring (J) trafficker utilizing physical and verbal abuse on and as to Plaintiff and at times in plain sight and earshot of defendant's staff (K) overt evidence that Plaintiff was being induced by force, fraud and coercion to have sex with sex buyers on the subject premises [e.g. (1) visible bruising (2) overt physical deterioration of Plaintiff, (3) physical and/or verbal abuse occurring in common areas of the subject hotel in view and/or earshot of staff of Defendant, (4) trafficker overtly asserting control over Plaintiff in common areas of the hotel in view and/or earshot of staff of Defendant (5) intermittent screaming from room(s) where trafficking of Plaintiff occurred sufficiently loud to be heard by staff outside the room] and (L) other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

50. Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 49 above.

51. When being trafficked at the subject hotel in 2015, Plaintiff interacted with Defendant's staff on a daily basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

52. Plaintiff knows that individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff

wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

53. Defendant's failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by PTSD.

54. This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guests behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel and (8) for other indicated reasons.

55. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

56. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

57. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a) All available compensatory damages for the described losses with respect to the above cause of action;

b) Past and future emotional distress;

c) Consequential and/or special damages;

d) All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e) Disgorgement of profits obtained through unjust enrichment;

f) Restitution;

g) All damages allowable under the TVPRA;

h) Reasonable and recoverable attorney's fees;

i) Punitive damages with respect to each cause of action;

j)  Costs of this action; and

k)  Pre-judgement and all other interest recoverable

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: January 14, 2025

                                       Respectfully submitted,

                                       /s/ Jason Byrd
                                       THE BYRD LAW FIRM
                                       State Bar No: 24036303
                                       448 Orleans
                                       Beaumont, Texas 77701
                                       409.924.0660
                                       409.924.0035 fax
                                       jason@txbyrd.com

                                       Randolph Janis, Esq.
                                       Douglas and London, P.C.
                                       (PHV motion forthcoming)
                                       59 Maiden Lane, 6th Floor
                                       New York, NY 10038
                                       Telephone: (212) 566-7500
                                       Facsimile: (212) 566-7501
                                       rjanis@douglasandlondon.com

                                       ***Attorneys for Plaintiff***