IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| J.H., AN INDIVIDUAL, | |
| Plaintiff, | |
| v. | 2:25-CV-011-Z |
| PARAMOUNT HOSPITALITY LP, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss ("Motion"), filed April 29, 2025. ECF No. 12. Plaintiff responded on May 13, 2025. ECF No. 15. Defendant did not reply. Having reviewed the Motion, briefing, and relevant law, the Motion is **DENIED**.

**BACKGROUND**

This case involves claims arising under the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"). *See* 18 U.S.C. § 1581, *et seq.* Plaintiff J.H. alleges that she was trafficked at a hotel owned and operated by Defendant "from January 14, 2015 through and inclusive of September; in 2016 in June; and in May and through and inclusive of October." ECF No. 10 at 1. Plaintiff's First Amended Complaint alleges Defendant violated 18 U.S.C. Section 1595 and seeks relief under a beneficiary theory. *Id.*; 18 U.S.C. § 1595(a) (providing sex-trafficking victims with a civil remedy against those who "knowingly benefit" from a sex-trafficking venture). Specifically, Plaintiff alleges that Defendant violated the TVPRA by (1) knowingly benefitting from the sex trafficking of Plaintiff by receiving payments for rooms rented by, or at the direction of, her trafficker; and (2) participating in a venture by operating a hotel that rented rooms to individuals that Defendant knew or should have known were involved in sex trafficking. ECF No. 10 at 4–10.

1

Plaintiff filed her Original Complaint on January 14, 2025. ECF No. 1. Defendant then filed a Motion for More Definite Statement, asking the Court to require Plaintiff to file an amended complaint containing more definite pleadings as to the dates on which the alleged sex trafficking occurred and the identity of Plaintiff's alleged trafficker. ECF No. 5 at 3, 5. The Court granted in part and denied in part Defendant's motion, requiring Plaintiff to allege with greater specificity the dates of her alleged trafficking. ECF No. 9 at 2–3 ("Ambiguity regarding the dates of Plaintiff's alleged harm is problematic in this specific case, as it prevents Defendant from determining whether the entire action is subject to dismissal on the basis of [TVPRA's] 10-year statute of limitations period."). The Court did not require Plaintiff to provide the name or identity of her alleged trafficker. *Id.* at 3–4 ("That the Complaint fails to name Plaintiff's alleged trafficker does not render the pleading so vague or ambiguous that Defendant cannot reasonably prepare a response."). Plaintiff filed her First Amended Complaint on April 16, 2025, and Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 29, 2025. ECF Nos. 10, 12.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts should "construe facts in the light most favorable to the nonmoving party"—here, Plaintiffs—"as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some

basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). A statute of limitations is an affirmative defense that places the burden of proof on the pleading party. *Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011). Thus, "'a complaint may be subject to dismissal' only if the 'allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling.'" *Mbome v. Njie*, No. 4:18-CV-597, 2019 WL 13203320, at * 4 (N.D. Tex. May 3, 2019) (citing *Frame*, 657 F.3d at 240).

### ANALYSIS

At a high level, the TVPRA prohibits the sex trafficking of children or adults by force, fraud, or coercion. *See* 18 U.S.C. § 1591. Relevant here is Section 1595—the civil counterpart to Section 1591. *See* 18 U.S.C. § 1595(a). Civil beneficiary liability arises from this provision alone, which states that:

> an individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (*or whoever knowingly benefits, or attempts or conspires to benefit*, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) . . .

18 U.S.C. § 1595(a) (emphasis added). Thus, to state a claim under a Section 1595 beneficiary liability theory, Plaintiff must allege facts from which it could be reasonably inferred that Defendant "(1) knowingly benefitted financially or by receiving anything of value, (2) from participation in a venture, (3) they knew or should have known has engaged in sex trafficking under section 1591." *Jane Doe (C.A.A.) v. Hyatt Corp., et al.*, No. 3:24-CV-1229, 2025 WL 1953857, at *3 (N.D. Tex. July 15, 2025) (internal marks omitted); *see also Doe (K.E.C.) v. G6 Hosp., LLC*, 750 F. Supp. 3d 719, 729 (E.D. Tex. 2024). Section 1595(c)(1) has a ten-year statute of limitations, providing that "no action may be maintained

3

under [Section 1595(a)] unless it is commenced not later than . . . 10 years after the cause of action arose." 18 U.S.C. 1595(c)(1).

### I. Statute of Limitations

Defendant contends that Plaintiff failed to plead any specific dates on which the alleged trafficking occurred or "any specific facts alleging that the 10-year [TVPRA] statute of limitations does not bar Plaintiff's claims." ECF No. 11 at 3. Plaintiff disagrees, alleging that the trafficking began on January 14, 2015—thus, because "the initial action was filed on January 14, 2025 . . . any claims dating back to January 14, 2015 [are] viable under the TVPRA statute." ECF No. 15 at 4.

At the 12(b)(6) stage, the statute of limitations defense "is purely a pleading matter—the only question is whether the allegations in the complaint, taken as true and viewed in the light most favorable to the plaintiff, 'affirmatively demonstrate' the claims are time-barred *and* fail to raise 'some basis' for tolling." *Mbome*, 2019 WL 13203320, at *9 (emphasis in original) (quoting *Frame*, 657 F.3d at 240). Accordingly, "a 12(b)(6) dismissal on a limitations defense should take place only where 'it can be determined from the face of a complaint that the limitations period has expired.'" *Id.* (quoting *Channel Source Inc. v. CTI Indus. Corp.*, No. 3:15-CV-271, 2015 WL 13118198, at *2 (N.D. Tex. Oct. 26, 2015)).

The face of Plaintiff's Amended Complaint does not demonstrate that the limitations periods has expired. Plaintiff alleges that she was trafficked "from January 14, 2015 through and inclusive of September; in 2016 in June; and in May and through and inclusive of October." ECF No. 10 at 1. Thus, because "the initial action was filed on January 14, 2025 . . . any claims dating back to January 14, 2015 [are] viable under the TVPRA statute." ECF No. 15 at 4. Defendant's limitations argument fails to show that Plaintiff's claims are time-barred. Defendant's Motion to Dismiss as to this issue is **DENIED**.

## II. Name of Traffickers

Next, Defendant contends that Plaintiff has failed to provide the name or identity of her alleged traffickers as required under Section 1595. ECF No. 11 at 4. Plaintiff argues that a beneficiary claim against a civil defendant, as asserted here, "does not require dismissal of a Plaintiff's Complaint if a Plaintiff fails to disclose the identity of Plaintiff's trafficker within the complaint." ECF No. 15 at 4.

Plaintiff is correct. Plaintiff is proceeding on a theory of beneficiary liability—accordingly, the identity of Plaintiff's traffickers is of no import in the instant case. At issue are the owners and operators of the hotel where the trafficking occurred. *See S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 150 (E.D.N.Y. 2020) ("The identities of the traffickers are neither provided nor relevant in this proceeding."). Defendant's Motion to Dismiss as to this issue is **DENIED**.

## III. Financial Beneficiary Liability

Plaintiff argues that she has sufficiently pleaded a claim for a violation of the TVPRA. As discussed above, Plaintiff must allege facts from which it could be reasonably inferred that Defendant "(1) knowingly benefitted financially or by receiving anything of value, (2) from participation in a venture, (3) they knew or should have known has engaged in sex trafficking under section 1591" in order to state a claim under a Section 1595 beneficiary liability theory. *Jane Doe (C.A.A.)*, 2025 WL 1953857, at *3 (internal marks omitted). Each element will be discussed in turn.

### a. Knowingly Benefitted

Section 1595 requires only that Defendant knowingly receive a financial benefit. 18 U.S.C. § 1595(a) (permitting a civil action to be brought against "whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value . . . ."); *Doe (K.E.C.)*, 750 F. Supp. 3d at 729–30. "Knowledge" is defined as "[a]n

5

awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact." *See Knowledge*, Black's Law Dictionary (11th ed. 2019).

Defendant has satisfied the "knowingly benefitted" element of Section 1595 beneficiary liability. The "rental of a room (or [defendants'] receipt of royalties for that rental) constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element." *Doe (K.E.C.)*, 750 F. Supp. 3d at 733 (internal citation omitted). In the hotel context, numerous courts have found that "simply renting a room and knowingly receiving value in exchange is sufficient to satisfy this element." *Jane Doe (C.A.A.)*, 2025 WL 1953857, at *3 (compiling cases). Plaintiff has alleged just that: Defendant "knowingly benefited from the sex trafficking of Plaintiff at Defendant's subject hotel by receiving payment for the rooms rented by her traffickers (or at the direction of her traffickers) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA." ECF No. 10 at 4.

Thus, the Court concludes that Plaintiff's allegations about receiving revenue in exchange for renting rooms are sufficient to satisfy the "knowingly benefitted" element.

    b. *Participation in a Venture*

Section 1595 does not contain a definition of "participation in a venture." *See* 18 U.S.C. § 1595. Although Section 1591—the TVPRA's criminal provision—defines this term, courts consistently decline to import the definition into Section 1595(a). *See, e.g., Doe (K.E.C.)*, 750 F. Supp. 3d at 730; *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420 (N.D. Tex. 2021); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021). And there is a consensus among courts that an overt act in furtherance of sex trafficking is not required to satisfy this element of beneficiary liability. *Doe (K.E.C.)*, 750 F. Supp. 3d at 731; *E.S.*, 510 F. Supp. 3d at 427 (collecting cases).

However, determination of what constitutes "participation in a venture" varies from court to court. To this Court's knowledge, the Fifth Circuit has yet to weigh in on what constitutes such participation. Accordingly, we look elsewhere. The Seventh Circuit, for example, stated that "participation" means "culpable assistance to a wrongdoer, which requires only a desire to promote the wrongful venture's success, though . . . [it] does not require actual knowledge of criminal wrongdoing." *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 559 (7th Cir. 2023) (internal marks omitted). Culpable assistance can be established "[w]here the participant provides assistance, support, or facilitation to the trafficker through . . . a continuous business relationship." *Id.* (internal marks omitted). The Seventh Circuit ultimately found that all that is needed to survive a 12(b)(6) motion are allegations sufficient to show the existence of a "continuous business relationship," giving rise to an inference that "the civil defendant facilitated the venture's success." *Id.* at 560.

The Eleventh Circuit deviates slightly. Compare *G.G.*, 76 F.4th at 558–60, with *Red Roof Inns*, 21 F.4th at 724–25. The Eleventh Circuit defined "participation in a venture" to mean that the alleged participant "took part in a common undertaking or enterprise involving risk and potential profit." *Red Roof Inns*, 21 F.4th at 724–25. Under this definition, allegations of financial benefit alone are insufficient to establish that a defendant participated in a sex-trafficking venture—observing signs of trafficking are not the same as participation in that venture. *Id.* at 726.

Despite varying interpretations among circuit courts, this Court identifies little substantive distinction between "assistance, support, or facilitation to the trafficker through . . . a continuous business relationship" and "[taking] part in a common undertaking or enterprise involving risk and potential profit." *See Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-915, 2024 WL 1337370, at *13 (N.D. Tex. Mar. 28, 2024) (also finding no

7

distinction between Seventh and Eleventh Circuit definitions of "participation in a venture"). Both require "that the alleged participant have an ongoing interest in the success of a specific venture and elect to further the ends of the venture beyond what would reasonably be expected in an ordinary commercial transaction." *Id.; see also Jane Doe (C.A.A.)*, 2025 WL 1953857, at *4.

Under either definition, the instant pleadings plausibly establish that Defendant participated in a venture within the meaning of Section 1595(a). Plaintiff alleges that "Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's traffickers that violated the TVPRA as to the Plaintiff herein," as "[o]perating a hotel and renting out rooms is an enterprise involving risk and potential profit." ECF No. 10 at 5. Specifically, Plaintiff alleges that Defendant's association with the Plaintiff's traffickers "was a venture because Plaintiff's traffickers had prior commercial dealings with said Defendant at the subject hotel premises by means of rooms repeatedly rented by the traffickers (or at the direction of the traffickers)." ECF No. 10 at 6. Plaintiff's allegations are sufficient to satisfy the "participation in a venture" element of Section 1595 beneficiary liability.

   c. *Knew or Should Have Known of Sex Trafficking*

Finally, beneficiary liability under Section 1595 requires that the defendant "knew or should have known" the venture has engaged in a criminal TVPRA violation. 18 U.S.C. § 1595(a). This requires the defendant to possess at least constructive knowledge. *Jane Doe (C.A.A.)*, 2025 WL 1953857, at *5; *Doe (S.M.A.)*, 2024 WL 1337370, at *14. In short, there must be plaintiff-specific facts to support this third element—general allegations are insufficient. *Id.* Courts have found this element satisfied where plaintiff alleged she had "visible physical injuries," where the trafficker exhibited "coercive and brutal behavior to a

physically deteriorating plaintiff," or where "hotel staff observed the plaintiff with bruising and signs of fear." *Jane Doe (C.A.A.)*, 2025 WL 1953857, at *6 (collecting cases).

Here, Plaintiff alleges that the "repeated rental of rooms . . . were colored by overt indicators of sex trafficking." ECF No. 10 at 6. Plaintiff's First Amended Complaint discusses such indicators, including "suspicious foot traffic to the traffickers' rented room," Plaintiff walking around the hotel and interacting with staff while "impaired (e.g. meth), sleep deprived, behavior impaired, with visible bruising, and in sexually explicit clothing," "suspicious people and suspicious items including, drugs, drug paraphernalia, condoms and, at times, a gun" located in the subject hotel rooms, and "[i]ntermittent loud noise and yelling emanating" from the rooms. ECF No. 10 at 7–8. Plaintiff's allegations sufficiently allow the Court to infer that hotel employees should have known that trafficking was occurring, satisfying the "knowledge" element of Section 1595 beneficiary liability. Thus, Plaintiff has sufficiently pleaded a claim for a violation of the TVPRA.

CONCLUSION

For the above reasons, Defendant's Motion to Dismiss is **DENIED**.

**SO ORDERED**.

August __1__, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE